UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| BRIAN C. NIMMONS | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:03-cv-558 |
| | ) | 3:02-cr-054 |
| | ) | *Jarvis* |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Brian C. Nimmons ("Nimmons"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I. Standard of Review

This court must vacate and set aside Nimmons' conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Nimmons "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."

*United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that Nimmons is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.     Factual Background

Nimmons pleaded guilty to two counts of distribution of five grams or more of cocaine base (crack), one count of distribution of cocaine base (crack), one count of possession with intent to distribute five grams or more of cocaine base (crack), and one count of possession of a firearm during and in relation to a drug trafficking offense; a second count of possession of a firearm during and in relation to a drug trafficking offense was dismissed pursuant to the plea agreement. Nimmons was sentenced to concurrent terms of imprisonment of 60 months on each drug charge and a consecutive term of 60 months on the firearm charge, for a total effective sentence of 120 months. He did not appeal. In support of his § 2255 motion, Nimmons alleges several instances of ineffective assistance of counsel.

III.    Discussion

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), Nimmons must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Nimmons' first allegations of ineffective assistance of counsel are based upon his claim that not all cocaine base is crack cocaine. Nimmons alleges his attorney should have objected at sentencing when the government failed to carry its burden of proof in

3

distinguishing between cocaine base and crack cocaine. According to Nimmons, he pleaded guilty to cocaine base, not crack, and he would not have pleaded guilty had he known he was pleading to crack instead of cocaine base. In a related allegation, Nimmons claims the government failed to prove by a preponderance of evidence that he possessed crack and thus his attorney should have objected to his enhanced sentence. Finally, with regard to this issue, Nimmons alleges his attorney should have objected to the laboratory reports which indicated the drugs were crack cocaine.

Nimmons' allegations are clearly without merit. The indictment in this case charged him with drug offenses involving "a mixture or substance containing a detectable amount of cocaine base ('crack'), a Schedule II narcotic controlled substance." [Criminal Action No. 3:02-cr-54, Court File No. 2, Indictment, pp. 1-2, Counts One-Four]. In his plea agreement, Nimmons stated his agreement to plead guilty to charges involving "crack" cocaine. [*Id*., Court File No. 18, Plea Agreement, pp. 1-2, ¶ 1]. In support of his plea agreement, Nimmons agreed to the following factual basis:

> During January and February 2002, the Defendant, Brian Charles Nimmons resided at 2144 Mississippi Avenue, Knoxville, Tennessee, which residence is within the Eastern District of Tennessee. On January 24, 2002, Agent Christopher Wilhoit and Agent James Whitson of the Tennessee Bureau of Investigation (TBI) and Agents Mark Turner and Kevin Bush of the 4th Judicial District Drug Task Force (4th JDTF) met with a confidential source who stated that he could purchase crack cocaine from the defendant at his residence at 2144 Mississippi Avenue, Knoxville, Tennessee. The confidential source was fitted with a body wire and was driven to the defendant's residence where the confidential source made contact with the defendant. After a short conversation, the defendant, Brian Charles Nimmons, sold a quantity of crack cocaine to the confidential source for $520.00 in TBI funds and additionally as part of the transaction, a phone card purchased in the amount of $40.00

which had been requested by the defendant. These suspected drugs were taken to the TBI Crime Lab where they were analyzed and weighed and found to be cocaine base (crack cocaine) weighing 9.2 grams.

On February 5, 2002, the same confidential source was given $600.00 in TBI confidential funds and fitted with a body wire and taken to the residence of defendant Nimmons at 2144 Mississippi Avenue, Knoxville, Tennessee. Confidential source entered Nimmons' residence but was advised by Nimmons that he had only a small amount of crack cocaine at the time, but that he would have more later. The confidential source purchased all the crack cocaine that defendant Nimmons had in his possession for $150.00 and left the residence. These drugs were taken to the TBI Crime Lab and analyzed and weighed and found to be cocaine base (crack cocaine) weighing 2.8 grams.

On February 14, 2002, TBI Agents James Whitson and James Williams, along with the same confidential source returned to the defendant's residence on Mississippi Avenue. The confidential source was fitted with a body wire and given $600.00 in TBI confidential funds. The confidential source entered the residence and negotiated the sale of crack cocaine with defendant Nimmons. The confidential source paid Nimmons $550.00 plus a $10.00 phone card in return for the alleged drugs. These drugs were taken to the TBI Crime Lab where they were analyzed and weighed and found to be cocaine base (crack cocaine), with a weight of 6.5 grams.

On February 21, 2002, a search warrant which had been procured by Agent Wilhoit on February 17, 2002, was executed on the defendant's residence and a quantity of crack cocaine and a small amount of cocaine powder was seized along with two loaded firearms. The suspected cocaine was taken to the TBI Crime Laboratory where it was analyzed and weighed and found to be cocaine base with a weight of 16.1 grams and powder cocaine which weighed 1.1 grams.

On February 21, 2002, the defendant, Brian Charles Nimmons, possessed a loaded Accutech .380 caliber semi-automatic pistol and a loaded model 37 Smith & Wesson revolver to protect himself and his drug distribution operation which was located at his residence at 2144 Mississippi Avenue, Knoxville, Tennessee.

[*Id.*, Court File No. 19, Stipulation of Facts, pp. 1-3, ¶¶ 1-5].

Nimmons was clearly aware that he was pleading guilty to drug offenses involving crack cocaine, and the government was not required to prove at sentencing facts that were not in dispute. He was sentenced to the minimum mandatory term of imprisonment of five years on the drug charges, pursuant to 21 U.S.C. 841(b)(1)(B). Nimmons also received the minimum mandatory consecutive sentence of five years on the firearm conviction, pursuant to 18 U.S.C. § 924(c)(1)(A)(ii). Had Nimmons not pleaded guilty and received the benefit of the plea bargain, he was facing a minimum mandatory consecutive sentence of 25 years on the second firearm charge. *Id.* § 924(c)(1)(C)(i). Nimmons cannot now argue that his attorney rendered ineffective assistance of counsel in obtaining a very favorable plea agreement.

On another issue, Nimmons alleges his attorney should have objected to the firearm charge because the guns were not related to the drug transactions. Nimmons takes the position that, instead of being charged for possession of a firearm during a drug trafficking offense, he should instead have received a two-level enhancement on the drug charges for possession of a firearm. Again, Nimmons' claim lacks merit.

It is up to the government to determine how a case is charged, and defense counsel has no authority in that regard. As indicated by his factual basis, Nimmons clearly possessed the firearms during a drug trafficking crime. Again, by pleading guilty, Nimmons avoided a minimum mandatory consecutive sentence of 25 years on the second firearm charge. Based upon the foregoing, Nimmons has failed to state a claim of ineffective assistance of counsel under the standard set forth in *Strickland*.

IV. <u>Conclusion</u>

Nimmons is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** Nimmons leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Nimmons having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

                                        s/ James H. Jarvis
                                     United States District Judge